UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

BROOKLYN, NEW YORK

---------------------------------------------------------X

Zheng, Xiang
A200-735-210


Plaintiff,                                                                                      Civil No. 17-cv-560

 -v-                                                                                             **COMPLAINT**

John Kelly,
Secretary, Department of Homeland Security,

Dana Boente,
Acting Attorney General of the United States

Gregory Richardson,
Director of the USCIS
Texas Service Center,

Defendants.

---------------------------------------------------------X



Plaintiff Zheng, Xiang, by and through counsel, alleges the following:


1. This is an action for declaratory and injunctive relief and in the nature of a

Mandamus to compel agency action that has been unlawfully withheld.



## JURISDICTION


2. This action arises under the Immigration and Nationality Act of 1952, as amended

("INA"), 8 U.S.C. §§1101 et seq., the Administrative Procedure Act ("APA"), 5 U.S.C. §§551 et seq., and the mandamus statute, 28 U.S.C. §1361. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1337 and 1361; the Court may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 et seq., the INA, the APA, and 28 U.S.C. § 1361.

## PARTIES

3. Plaintiff Zheng, Xiang (hereinafter, Ms. Zheng), is a native and citizen of the People's Republic of China.

4. Ms. Zheng is currently residing at 754 51 Street, 1FL, Brooklyn, NY 11220, which is within the jurisdiction of this Court. Exhibit A.

5. Defendant United States Citizenship and Immigration Services ("USCIS") is an agency organized and existing under the laws of the United States of America. The USCIS has responsibility for adjudicating applications under the Act, and maintains offices within the Northern District of New York. Defendant John Kelly is the duly appointed, qualified, and confirmed Secretary of the Department of Homeland Security, and as such is the official charged with the supervision, oversight, and direction of the USCIS.

6. Defendant Dana Boente is the acting Attorney General of the United States, and as such is the official charged with the enforcement of the laws of the United States and the official charged with the enforcement of the laws of the nation.

7. Defendant Gregory Richardson is the Director of the Texas Service Center of the United States Citizenship and Immigration Services. As such, he is responsible for the adjudication of petitions and applications for immigrant benefits, including Refugee Asylee Relative Petitions ("I-730 petitions") submitted by aslyees and Applications to Register Permanent Residence or Adjust Status ("I-485 petitions") residing in Alabama, Arkansas, Connecticut, District of Columbia, Florida, Georgia, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Mississippi, New Hampshire, New Jersey, New Mexico, New York, North Carolina, South Carolina, Oklahoma, Pennsylvania, Puerto Rico, Rhode Island, Tennessee, Texas, Vermont, Virginia, U.S. Virgin Islands, or West Virginia. See Instructions for 1-730 Refugee Asylee Relative Petition, available at http://www.uscis.gov/fiIesiformli-730instr.pdf.

## VENUE

8. Venue is proper in that Petitioner resides at 754 51 Street, 1FL, Brooklyn, NY 11220, which is within this District. Petitioner's petition of I-730 are pending before USCIS Texas Service Center.

## FACTS

9. On June 29, 2012 Zheng, Xiang's asylum was granted.

10. On August 1, 2012 Zheng, Xiang filed I-730, Alien Relative Petition on the behalf of her husband, receipt number is SRC1221050959. Exhibit B.

11. On August 30, 2012 and October 9, 2012 Zheng, Xiang's husband had his fingerprint taken for I-730. Exhibit C.

12. On August 15, 2015, Zheng, Xiang scheduled INFOPASS and went to New York field office to inquire about the status of I-730. Exhibit D.

13. From 2013 to 2016, plaintiffs have inquired about why their cases are taking longer than the processing time. Exhibit E.

14. If a person has been granted status in the United States as an asylee and that person was the principal applicant in her family, the asylee can file Form I-730 provided that such asylum grant occurred within the previous 2 years. The beneficiary of a Form I-730 petition is eligible to receive an immigration visa as an accompanying or follow-to-join derivative of the Petitioner.

15. The principal has the burden of proving eligibility for derivative asylum benefits be a preponderance of evidence. She must submit the following: (1) evidence of asylum status; (2) evidence of the family relationship; and (3) a recent photograph of the spouse or child.

16. As a matter of law, USCIS is in possession of all the information needed to adjudicate their I-730 petitions. As described in Paragraph 13 and above, USCIS received the Plaintiffs' I-730 petitions and supporting documents as indicated by the USCIS Appointment Notices. USCIS has not issued any subsequent request for evidence since the I-730 was filed.

**EXHAUSTION OF REMEDIES**

17. Ms. Zheng, through their attorneys, has attempted to resolve this matter without the need for court involvement. Ms. Zheng has made several service requests concerning the status of the applications to no avail. Exhibit D, E.

## CLAIMS FOR RELIEF

### COUNT ONE

18. The allegations set forth in paragraphs 1 through 17 above are repeated and re-alleged as though fully set forth herein.

19. Under the APA, 5 U.S.C. §555(a), agencies are required to proceed with reasonable dispatch to conclude matters presented to them. Under the APA, 5 U.S.C. §706(a), this Court has the power to compel agency action which has been unlawfully or unreasonably withheld or delayed.

20. The continuing failure of the USCIS to adjudicate Ms. Zheng's Alien Relative Petition (form I-730), filed over violates the APA requirement that agencies proceed with reasonable dispatch to adjudicate the matters presented to them.

### COUNT TWO

21. The allegations set forth in paragraphs 1 through 20 above are repeated and re-alleged as though fully set forth herein.

21. The actions of USCIS, in failing to adjudicate Ms. Zheng's Alien Relative Petition (form I-730) contrary to the Due Process clause of the Fifth Amendment of

the U.S. Constitution. See INS v. Cardoza-Fonseca, 107 S. Ct. 1207, 1219 (1987) ("The distinction between the mandatory and discretionary parts of the statute has practical significance. What the Attorney General and his delegates must exercise is discretion.") (citations omitted); United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 267 (1954). ("failure to exercise discretion is a reversible error."); Asimakopoulos v. INS, 445 F.2d 1362, 1365 (9th Cir. 1992) ("The Board's failure to exercise discretion is reversible error."); Fesseha v. INS, 1999 U.S. App. LEXIS 20852, *4 (10th Cir. 1999) ("When the regulations grant the attorney general discretion, the attorney general must exercise its discretion."); Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir. 1995) ("If an applicant can show eligibility for asylum, then the INS must exercise its discretion to determine if the applicant is entitled to asylum."); Doe v. United States, 54 Fed. Cl. 404, 405 (2002) (when congress divest an agency discretion, the agency "must exercise its discretion" when deciding matters before it.).

## COUNT THREE

22. The allegations set forth in paragraphs 1 through 21 above are repeated and re-alleged as though fully set forth herein.

23. The failure of USCIS to adjudicate Ms. Zheng's Alien Relative Petition (form I-730) constitutes irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Zheng prays this Honorable Court and demands judgment against defendants as follows:

a. Declare the failure of the United States of Citizenship and Immigration Services to adjudicate Ms. Zheng's Alien Relative Petition (form I-730) unlawful;

b. Order defendant to adjudicate the applications forthwith; and

c. Grant any and all other relief this Court deems just and proper.


Dated: New York, New York
January 30, 2017

        Respectfully submitted,

_____
David Chien, Esq.
Counsel for Petitioners
7 Mott Street, Suite 500
New York, New York 10013
Phone: 646-657-0058

## ATTORNEY VERIFICATION

I, David Chien, authorized representative of Plaintiffs, affirm under penalty of perjury that:

The statements and facts contained in the Complaint are true to my knowledge, except as to those matters that are stated in it on my information and belief, and as to those matters, I believe them to be true.

Dated: New York, New York
January 30, 2017

        Respectfully submitted,

David Chien, Esq.
Counsel for Petitioners
7 Mott Street, Suite 500
New York, New York 10013
Phone: 646-657-0058